**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1998-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAMON L. VARGAS, a/k/a
LORA VARGAS, LEONEL
RAMON, RAMON VARGAS-
LORA, RAMON L. VARGAS-
LUNA, JOHN VARGAS,
RAMON LEONEL VARGAS,
RAMON LIONEL VARGAS,
RAYMON L. VARGAS,
JOSEPH ROSARIO, ANGEL
MERRARO, LJ, RAMON
LITTLEJOHN, RAMON JOE,
RAMON LORA, and RAMON
LEONEL,

    Defendant-Appellant.

_____

    Submitted March 30, 2020 – Decided June 2, 2020

    Before Judges Moynihan and Mitterhoff.

    On appeal from the Superior Court of New Jersey, Law
    Division, Bergen County, Indictment No. 12-12-1766.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Daniel Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Ramon L. Vargas was indicted for second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count one), and second-degree certain persons not to be in possession of a weapon, N.J.S.A. 2C:39-7(b) (count two), following a consent search of his car by a Fort Lee police detective who performed a motor vehicle stop. Defendant pleaded guilty to unlawful possession of a weapon after the motion judge entered an order denying his motion to suppress evidence. He appeals from the judgment of conviction, arguing:

POINT I

BECAUSE THE COURT ERRED IN FINDING THAT A TINTED REAR WINDOW CREATED REASONABLE SUSPICION SUFFICIENT TO JUSTIFY STOPPING [DEFENDANT'S] CAR, THIS MATTER MUST BE REMANDED FOR A NEW ANALYSIS OF REASONABLE SUSPICION ABSENT THE IMPROPER CONSIDERATION OF THE LAWFULLY TINTED REAR WINDOW.

 A-1998-18T4

POINT II

MR. VARGAS IS ENTITLED TO NINE
ADDITIONAL DAYS OF JAIL CREDIT FOR THE
TIME HE SPENT IN PENNSYLVANIA CUSTODY.

Defendant informed us the parties amicably resolved the jail-credit issue raised in Point II; as such he has withdrawn that argument. We are unpersuaded by defendant's remaining argument and affirm.

Defendant contends the sole basis for the motor vehicle stop was the detective's perception that the rear windows of defendant's Chevrolet Impala were heavily tinted, and, inasmuch as "tinted windows only constitute a motor vehicle infraction [under N.J.S.A. 39:3-74] if a car's windshield or front windows are covered by a 'non-transparent material,' and driver visibility is obscured," the detective's mistake of law rendered the stop unconstitutional; the gun found pursuant to that stop was fruit of that constitutional violation and should have been suppressed.

The motion judge, however, found from the evidence presented at the suppression hearing the detective "first noticed that the car had tinted windows when he approached it," but the detective testified that thereafter "defendant appeared to start drifting in and out of the lanes and to brake for no reason."

A-1998-18T4

Viewing the video recorded from the detective's patrol vehicle, the judge observed:

> [W]e saw clearly on the tape from the [detective's] camera, that as he sped up to approach the car, it crossed the lane to the right, came back, the blinker went on when there was no way to go left. So the [detective] indicates that he started to drift. He went out of the lane, and then he started to brake on more than one occasion for no reason.[1]

The judge concluded, "these various different factual occurrences, [the detective's] observing the tinted windows, and then the manner in which [defendant] was driving would independently establish cause . . . for the [detective] to stop . . . defendant's vehicle." The judge continued, "[the detective] first noticed the car had tinted windows. Again, [defendant] was drifting out of lanes. And again, these independently would establish [reasonable and articulable suspicion to stop defendant's vehicle], but taken together they would as well."

We defer to the judge's factual findings on a motion to suppress, "unless they were 'clearly mistaken' or 'so wide of the mark' that the interests of justice require[] appellate intervention." State v. Elders, 192 N.J. 224, 245 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

---

[1] The video was not included in the appellate record.

A-1998-18T4

We owe "deference to those findings of the trial judge [that] are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). In State v. S.S., our Supreme Court extended that deferential standard of review to "factual findings based on a video recording or documentary evidence" to ensure that New Jersey's trial courts remain "'the finder of the facts[.]'" 229 N.J. 360, 381 (2017) (quoting Fed. R. Civ. P. 52(a) advisory committee's note to 1985 amendment). The Court explained that "[p]ermitting appellate courts to substitute their factual findings for equally plausible trial court findings is likely to 'undermine the legitimacy of the [trial] courts in the eyes of litigants, multiply appeals by encouraging appellate retrial of some factual issues, and needlessly reallocate judicial authority.'" Id. at 380-81 (second alteration in original) (quoting Fed. R. Civ. P. 52(a) advisory committee's note to 1985 amendment). The trial court's application of its factual findings to the law, however, is subject to plenary review. State v. Cryan, 320 N.J. Super. 325, 328 (App. Div. 1999).

Police may conduct a motor vehicle stop if it is "based on specific and articulable facts which, taken together with rational inferences from those facts, give rise to a reasonable suspicion of criminal activity" or that a traffic offense

has been committed. See State v. Mann, 203 N.J. 328, 338 (2010) (quoting State v. Pineiro, 181 N.J. 13, 20 (2004)); State v. Bernokeits, 423 N.J. Super. 365, 370 (App. Div. 2011). In other words, "a police officer is justified in stopping a motor vehicle when he [or she] has an articulable and reasonable suspicion that the driver has committed a motor vehicle offense." State v. Golotta, 178 N.J. 205, 212-13 (2003) (quoting Locurto, 157 N.J. at 470). "A motor vehicular violation, no matter how minor, justifies a stop without any reasonable suspicion that the motorist has committed a crime or other unlawful act." Bernokeits, 423 N.J. Super. at 370.

Notwithstanding that the detective did not issue a summons to defendant for his erratic driving, as the motion judge prudently determined that alone formed a reasonable suspicion justifying the motor vehicle stop. Courts, not law enforcement officers, objectively determine if "specific and articulable facts which, taken together with rational inferences from those facts," gave a law enforcement officer reasonable suspicion to stop a suspect. Mann, 203 N.J. at 338 (quoting Pineiro, 181 N.J. at 20).

The detective's observation of defendant's driving provided just cause for the stop. See State v. Regis, 208 N.J. 439, 442 (2011) (holding the failure to maintain a driver's lane to the extent practical is a discrete violation of N.J.S.A.

39:4-88(b)); see also State v. Dickey, 152 N.J. 468, 472 (1998) (concluding an officer had reasonable suspicion to conduct a motor vehicle stop where the defendant was "driving thirty-four miles per hour in a fifty-five mile-per-hour zone"); Golotta, 178 N.J. at 209 (holding police had reasonable suspicion to stop defendant's vehicle after receiving a 911 call that defendant's vehicle was "'all over the road' and . . . . 'weaving back and forth.'").

Thus, we need not determine whether the Impala's tinted rear window justified the stop. As the motion judge found, there was an independent, reasonable basis for the detective's action apart from his belief the tinted rear window justified the stop. The motion judge rightly denied defendant's motion to suppress.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1998-18T4